## NOBLESVILLE MILLING COMPANY

### *vs.*

## BALTIMORE AND OHIO RAILROAD COMPANY.

*Action Against Carriers—Limitations—Period of Federal Control.*

The provision of the Transportation Act of 1920, section 206 (f), that the period of Federal control shall not be computed as a part of the periods of limitation in actions against carriers for causes of action arising prior to Federal control, does not apply to a limitation clause in tariffs filed by a carrier with the Interstate Commerce Commission, and contained in a bill of lading issued by the carrier.

*Decided February 13th, 1923.*

Appeal from the Superior Court of Baltimore City (STANTON, J.).

Action by the Noblesville Milling Company against the Baltimore and Ohio Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued, together with that next preceding, before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Stuart S. Janney* and *Frank B. Ober*, with whom were *Theodore L. Bailey* and *Janney, Stuart & Ober* on the brief, for the appellant.

*Duncan K. Brent*, with whom was *Allen S. Bowie* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

In this case the appellant, the Noblesville Milling Company, on the 29th day of September, 1917, delivered to the appellee, the Baltimore and Ohio Railroad Company at Noblesville, in the State of Indiana, five hundred bags of Kismet flour, consigned to the appellant at Baltimore, Maryland.

The flour was transported to Baltimore by the appellee, but after its arrival in Baltimore it was destroyed by fire while in custody of the appellee at its Locust Point terminal.

The appellant on the 21st day of December, 1922, brought suit against the appellee to recover for the loss of the flour. The declaration contained six of the common counts and one special count. To the special count the defendant pleaded: First: "That the alleged cause of action did not accrue within three years before the institution of this suit." Second: "That the loss or damage complained of in the plaintiff's declaration occurred prior to the dates on which the shipment in question should have been delivered by the defendant, and that this suit was not instituted within two years and one day after a reasonable time for delivery had elapsed, as is required by the terms of the published classifications and tariffs of the common carriers who transported said shipment and under which classifications and tariffs said shipment moved and that said classifications and tariffs were legally published and filed with the Interstate Commerce Commission, and were effective at the time the said shipment was made."

A demurrer filed to these pleas was sustained as to the first, but overruled as to the second, and upon the plaintiff declining to reply to the second plea, a judgment was entered against it for defendant's costs. It was from that judgment the appeal was taken.

The only fact that distinguishes this case from the case of the *Acme-Evans Company* v. *Baltimore and Ohio Railroad Company*, argued with it at the October Term of this Court,

(*ante,* p. 658) is that in the latter case the bill of lading did not contain the limitation clause in the tariffs filed with the commission; while in this case, such limitation clause was inserted in the bill of lading issued to the appellant by the appellee.

This fact, however, does not, we think, materially affect or change the liability of the parties, and as the questions presented in this case are the same as those presented in the case above referred to, the views we expressed in that case are controlling in this, and, therefore, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*